IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSHUA ORTIZ | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 21-240 |
| | § | JURY |
| CITY OF CORPUS CHRISTI, TEXAS; | § | |
| and THOMAS JORGENSEN, | § | |
| *Individually* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**NOW COMES** Plaintiff, Joshua Ortiz, bringing this his *Plaintiff's Original Complaint*, praying for damages against City of Corpus Christi, Texas, and Thomas Jorgensen, *Individually*, as said Defendants, jointly and severally, have denied Plaintiff his rights as guaranteed by the Constitution and laws of the United States of America and/or the State of Texas.

## I.
## JURISDICTION AND VENUE

1. This court has jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1343(3) (civil rights). This court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear the state claims that will be set forth in this complaint. Venue is proper in the Southern District of Texas, Corpus Christi Division, as this is the district where the claim arose in accordance with 29 U.S.C.§1391(b).

## II.
## PARTIES

2. Plaintiff Joshua Ortiz (hereinafter occasionally referred to as "Plaintiff" and/or "Ortiz") is a resident of Jim Wells, Texas.

3. Defendant City of Corpus Christi, Texas (hereinafter "Defendant City" or "City") is a political subdivision of the State of Texas. Service of process may be accomplished by serving its Mayor, Paulette M. Guajardo, at 1201 Leopard Street, Corpus Christi, Nueces County, Texas.

### III.
### FACTS

4. Whenever, in this complaint it is alleged that any Defendant did any act, thing, and/or omission, it is meant that Defendant and/or Defendant's officers, agents, servants, employees or representatives did such act, thing and/or omission and that at the time it was done with full authorization and/or ratification of Defendant or done during the employment of Defendant and/or Defendant's officers, agents, servants, employees or representatives.

5. On or about October 13, 2021, Plaintiff was travelling from work and was "pulled over" by Defendant Jorgensen. At some point during the stop, Ortiz was asked to exit his vehicle. When Ortiz did as instructed, Jorgenson almost immediately, and without any notice, grabbed Ortiz, turned him around and slammed Ortiz's head against Ortiz's truck, causing blood to erupt from Ortiz's head. As soon as Mr. Ortiz expressed his displeasure with such treatment, Jorgensen threw Ortiz to the ground, began choking Ortiz and beat Ortiz all about Ortiz's body. As a result of the punishment inflicted upon him by Jorgensen, Ortiz has, *inter alia*, experienced vision and memory loss, loss of hand function, received 31 stitches to his left eye, as well as numerous bruises and abrasions about his body.

### IV.
### FIRST CLAIM FOR RELIEF - - §1983

6. The allegations set forth in this complaint are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

7.      **Section 1983.**  The Civil Rights Act of 1871 (Ku Klux Klan Act), now codified as 42 U.S.C. § 1983 as federal law provides:  "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."  42 U.S.C. § 1983.

8.      42 U.S.C. § 1983 requires that the conduct complained of must have deprived the person of some privilege or immunity secured by the Constitution or laws of the United States.  As such, Plaintiff alleges that Defendants, jointly and/or severally deprived him of his First and Fourth Amendment rights and those rights, privileges, and immunities secured by the Fourth and Fifth Amendments to the Constitution incorporated and applied to the states through the Fourteenth Amendment.  Defendants violated this provision by using excessive force upon Plaintiff, in violation of the Fourth Amendment and its "reasonableness" standard.

9.      **§ 1983 – *Monell* liability.**   It is also well-established that counties are liable under 42 U.S.C.S. § 1983 for constitutional torts that are in-compliance with the City's customs, practices, policies or procedures. A City is liable for constitutional deprivations visited pursuant to governmental custom even though such custom has not received formal approval through the body's official decision-making channels.   In this case, Defendant City is liable because it sanctioned the custom, practice and/or policy or procedure of using unnecessary and/or excessive force.  The actions taken in this case were a customary practice and/or policy or procedure that was sanctioned by Defendant City out of which deprived Plaintiff of his civil rights by statute and by both the Texas and United States Constitutions.  Liability for Defendant City is established

under §1983 because the assault, beating, and severe injury to citizens/inmates, with little or no justification, in retaliation for exercising the right to First Amendment speech and/or as punishment, is a persistent, widespread practice of City employees -- namely officers like Jorgensen) -- that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official City policy. Defendant City's actual or constructive knowledge of this practice, custom, and/or policy or procedure and of numerous prior incidents of police officers using excessive force upon citizens establishes custom and accession to that custom by their policy makers. Defendant City's unspoken policy of assaulting citizens is a decision that reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision. In the alternative, Defendant City is liable under §1983 for failure to adopt a policy precluding officers from beating/assaulting in-custody citizens because such failure to adopt such a policy is one of intentional choice.

## V.
## SECOND CLAIM FOR RELIEF – Texas – Assault & Battery

10. The allegations set forth in this complaint are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading. Any reference to "Defendant" in this section only applies to Defendant Jorgensen and does not include Defendant City.

11. As a pendent state cause of action, at all times material and relevant herein, Defendant Jorgensen, by acts and/or omissions and under color of state law did then and there by acts/and/or omissions, intentionally, knowingly and/or recklessly cause severe personal injury to Plaintiff through unconsented physical contact with him.

12. Under Texas law, the cause of action for excessive force is simply one for assault and battery. Consequently, Plaintiff alleges that Jorgensen committed an assault upon Plaintiff when they intentionally, knowingly, and/or recklessly caused Plaintiff's injuries. Said assaultive

conduct of Jorgensen was committed intentionally, knowingly, and/or recklessly and was the proximate cause of physical and emotional injuries to Plaintiff. Said injuries were the direct and immediate consequence of Jorgensen's wrongful acts and a natural and direct result of the assault.

13. At no time was Jorgensen privileged to take the action, as force was not necessary. Moreover, Jorgensen's assault and battery of Plaintiff was not objectively reasonable when balancing the amount of force used against the need for the force.

## VI.
## DAMAGES

14. As a result of the foregoing unlawful and wrongful acts of Defendants, jointly and severally, Plaintiff has been caused to suffer general damages which include, but are not limited to, the following: loss of a son, both physical and emotional injury, including but not limited to, pain and suffering, and severe emotional and mental distress, and shock, along with severe emotional distress, and loss of support, both emotional and financial.

15. Said injuries have caused Plaintiff to incur special damages which include but are not limited to the cost of medical treatment.

16. Pursuant to the Civil Rights Attorney's Fees Award Act, 42 U.S.C. §1988, a prevailing party in a §1983 case is entitled to recover its attorney's fees. Hence, Plaintiff further prays for all costs and attorney fees associated with bringing the present case to trial.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays that upon trial upon the merits, Plaintiff recover damages against Defendants, jointly and severally; that this Court issue injunctive relief and/or provide judicial oversight to ensure compliance with Federal law; and that Plaintiff recover against each Defendant all reasonable and necessary attorney's fees, court costs and expenses in regards to the present suit in litigation. Moreover, Plaintiff prays for all pre-judgment and post-judgment interest that can be assessed against the Defendants in the event of recovery;

and that Plaintiff recover against each Defendant any and all other general or specific relief to which they prove herself justly entitled.

    Respectfully submitted,

    **GALE LAW GROUP, PLLC**
    711 N. Carancahua St., Suite 514
    Corpus Christi, Texas 78401
    Mailing Address:
    P.O. Box 2591
    Corpus Christi, Texas 78403
    Telephone: (361) 808-4444
    Telecopier: (361) 232-4139

    By: /s/ *Christopher J. Gale*
    Christopher J. Gale
    Southern District Bar No. 27257
    Texas Bar No. 00793766
    Email: Chris@GaleLawGroup.com
    *Attorney-In-Charge for Plaintiffs*

    By: /s/ *Amie Augenstein*
    Amie Augenstein
    Southern District Bar No. 2236723
    Texas Bar No: 24085184
    Email: Amie@GaleLawGroup.com
    *Attorney for Plaintiffs*

## Demand for Jury Trial

Plaintiff hereby demands trial by jury pursuant to Fed.R.Civ.P. 38(b)